IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY CHARELS SCOTT, )
)
    Plaintiff, )
)
v. ) Case No. 3:06-cv-168-WDS
)
DR. SHAH, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss (Doc. 19). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that this case be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff, a former inmate in the Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that Defendant Shah was deliberately indifferent to his serious medical need in violation of the Eighth Amendment regarding his length of stay in a county hospital after surgery and Defendant's alleged refusal to provide Plaintiff with any pain medication or allow him to stay longer in the hospital.

In his Complaint (Doc. 1), filed on February 28, 2006, Plaintiff answered some questions posed by the form complaint. Under Section III, "Exhaustion of Administrative Remedies," the following questions were asked, with Plaintiff's responses noted in bold italics:

A. Is there a grievance procedure available at your institution?

   YES ( *X* ) NO ( )

B. Have you filed a grievance concerning the facts in this complaint?

   YES ( *X* ) NO ( )

C. If your answer is YES:

   1. What steps did you take?

      *I told them the Doctor was seeing me But was not doing nothing For my condition.*

   2. What was the result?

      *They called the head nurse (Mary Hartford) and she Responded by saying That I was seeing the Doctor.*

   3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

      **[no response indicated]**

D. If your answer is NO, explain why not:

   *I was still waiting to see what The Doctor was going to do about my condition – After I put in the Grievance.*

E. Is the Grievance procedure now completed? YES ( ) NO ( *X* )

(Doc. 1 at 3-4).

On June 6, 2007, Defendants filed the instant motion to dismiss, alleging that Plaintiff's Complaint admits that he did not exhaust his administrative remedies by appealing the grievance because he was waiting to see what Defendant was going to do about his condition after he submitted the grievance (Doc. 19). Plaintiff failed to file a timely response to the motion.

2

## CONCLUSIONS OF LAW

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in Plaintiff's favor. Jet, Inc. V. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss). A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Weiler v. Household Finance Corp., 101 F.3d 519, 524 n. 1 (7th Cir.1996) (citations omitted).

Plaintiff's status as a prisoner means that his claims are governed by the Prison Reform Litigation Act of 1996. Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004).

The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Thus, exhausting available administrative remedies is a precondition of suit. Dale, 376 F.3d at 655; See also Perez v. Wis. Dept. of Corr., 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).

As a state prison inmate, the procedures that Plaintiff should have followed in order to exhaust his administrative remedies are contained in Title 20 of the Illinois Administrative Code at sections 504.800 through 504.870. The code first provides for informal resolution of the

problem through a Counselor. ILL. ADMIN. CODE TIT. 20, §504.810(a) (2005). If the problem is not resolved, the inmate then may file a written grievance within sixty days of the occurrence, which is dealt with by a Grievance Officer on a weekly basis. Id. at §504.810(b). The Grievance Officer then either denies the grievance and returns the documents to the inmate or submits the grievance for investigation and reports findings to the Chief Administrative Officer. Id. at §504.830. The Chief Administrative Officer is generally to provide a response within two months of receipt of the grievance. Id. at 504.830(d). If the issue is not resolved to the inmate's satisfaction, it may then be appealed to the Director within thirty days of receiving a response from the Chief Administrative Officer. Id. at 504.850.

Here, the Court must accept as true Plaintiff's allegations that Defendant wrongfully denied Plaintiff pain medication and other treatment, possibly in violation of his constitutional rights. Accepting these allegations as true, the Court nonetheless agrees that Plaintiff has failed to state a claim upon which relief can be granted because on its face, Plaintiff's complaint reveals that Plaintiff has not exhausted his administrative remedies.

Plaintiff admits in his complaint that there was a grievance procedure, that he filed a grievance, and that grievance procedure was not complete. Plaintiff also failed to respond to the question asking whether he filed an appeal after the grievance was not resolved to his satisfaction. It appears to the Court that Plaintiff's response under "D", which indicated he was still waiting to see what the doctor was going to do about his condition after he put in his grievance, was made in response to question "C. 3." rather than to question "B" because, in question "B" Plaintiff responded that he had filed a grievance. In any case, the response under "D" is not necessary to reach the conclusion that Plaintiff failed to exhaust his administrative remedies.

Plaintiff's Complaint clearly demonstrates that (1) there was a grievance procedure available at the Vandalia Correctional Center, (2) Plaintiff filed a grievance concerning the allegations contained in his Complaint, (3) the grievance was not resolved to his satisfaction, (4) Plaintiff did respond affirmatively when asked if he appealed the outcome, and (5) the grievance procedure was not complete at the time the Complaint was filed. Accordingly, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 19) be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 19) be **GRANTED,** that this case be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 28, 2007**

                                               s/ *Donald G. Wilkerson*
                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**